NOT FOR PUBLICATION

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**
---------------------------------------------------------------x
In re:

THOMAS GORMAN

a/k/a Thomas P. Gorman
a/k/a Thomas Patrick Gorman

       Debtor.

Chapter 11

Case No. 25-22643 (KYP)

---------------------------------------------------------------x
In re:

BERNARD P. GRIFFIN

       Debtor.

Chapter 11

Case No. 25-22645 (KYP)

---------------------------------------------------------------x

**MEMORANDUM DECISION AND ORDER DENYING REQUESTS OF
SAI MALENA JIMENEZ-FOGARTY FOR WANT OF STANDING**

**APPEARANCES:**

SAI MALENA JIMENEZ-FOGARTY
*Pro Se Party*
228 East Route 59
Nanuet, NY 10954

BRONSON LAW OFFICES, P.C.
*Counsel to Thomas Gorman and Bernard P. Griffin*
480 Mamaroneck Avenue
Harrison, NY 10528
    By:    H. Bruce Bronson, Jr., Esq.
              Of Counsel

**HONORABLE KYU YOUNG PAEK
UNITED STATES BANKRUPTCY JUDGE**

**INTRODUCTION**

Thomas Gorman ("Gorman"), Bernard P. Griffin ("Griffin"), and Thomas A. Fogarty ("Fogarty," and collectively with Gorman and Griffin, the "Principals") were principals and co-owners of Highbury Holdings, Inc.; Highbury Concrete Inc. ("Highbury Concrete"); and Arteta LLC (collectively, the "Highbury Companies"). On July 14, 2025, each of the Principals filed Chapter 11 bankruptcy petitions.[1] Upon a motion filed by Fogarty, the Fogarty Case was subsequently converted to a case under Chapter 7 of the Bankruptcy Code. (ECF Fogarty Case Doc. # 55.)

Fogarty's estranged wife, Sai Malena Jimenez-Fogarty ("Jimenez-Fogarty"), who is also a Chapter 7 debtor in this Court,[2] now seeks dismissal of the Gorman and Griffin Cases and denial of the bankruptcy discharges for those debtors. For the reasons stated, Jimenez-Fogarty's requests are DENIED for want of standing.

**BACKGROUND**

Prior to their bankruptcy filings, the Principals were principals and co-owners of the Highbury Companies. (*See Declaration of Thomas Gorman*, dated August 11, 2025 ("Gorman Declaration") ¶ 3 (ECF Gorman Case Doc. # 13); *Declaration of Bernard Griffin*, dated Aug. 8, 2025 ("Griffin Declaration") ¶ 3 (ECF Griffin Case Doc. # 9); *Declaration of Thomas A. Fogarty*, dated Aug. 27, 2025 ("Fogarty Declaration") ¶ 3 (ECF Fogarty Case Doc. # 18).) According to the Principals, the revenue generated by the Highbury Companies dropped substantially "from $189 million in 2023 to very little

---

[1]    *See In re Thomas Gorman*, Case No. 25-22643 (KYP) (hereinafter, "Gorman Case"); *In re Bernard P. Griffin*, Case No. 25-22645 (KYP) (hereinafter, "Griffin Case"); and *In re Thomas A. Fogarty*, Case No. 25-22646 (KYP) (hereinafter, "Fogarty Case").

[2]    *See In re Sai Malena Jimenez Fogarty*, Case No. 25-22329 (SHL) (hereinafter, the "Jimenez-Fogarty Case").

2

in 2025." (Gorman Declaration ¶ 4; Griffin Declaration ¶ 4; Fogarty Declaration ¶ 4.) On July 14, 2025, each of the Principals filed petitions for relief under Chapter 11 of the Bankruptcy Code. On October 20, 2025, Fogarty filed a motion to convert his bankruptcy to a case under Chapter 7 of the Bankruptcy Code, and the Court granted his motion by order dated November 24, 2025. (ECF Fogarty Case Doc. ## 40, 55.)

Fogarty is currently in a divorce proceeding with Jimenez-Fogarty ("Divorce Proceeding"). The Court has been advised at hearings that the Divorce Proceeding is under seal.[3]

Roughly two months prior to the bankruptcy filings of the Principals, Jimenez-Fogarty filed a petition for relief under Chapter 7 of the Bankruptcy Code, and Howard P. Magaliff, Esq. was appointed the Chapter 7 trustee ("JF Trustee") in her case.

**B.    Jimenez-Fogarty's Submissions in the Gorman and Griffin Cases[4]**

On October 22, 2025, the Court docketed a *pro se* submission made by Jimenez-Fogarty ("JF First Submission") (ECF Gorman Case Doc. # 23). In her submission, Jimenez-Fogarty alleges that the Principals diverted tens of millions of dollars during their tenure as co-owners of Highbury Concrete, and those funds remain unaccounted for. (JF First Submission at 1-2.) She also contends that the Principals strategically accumulated millions of dollars in debt from third parties in the immediate period before the bankruptcy filings with no intention of repayment. (*Id.* at 2-3.)[5] Jimenez-

---

[3]    Fogarty states that he has sole custody of the children. (Fogarty Declaration ¶ 7.)

[4]    Because Jimenez-Fogarty's submissions in the Gorman and Griffin Cases are substantially similar, the Court will refer to the documents filed on the docket of the Gorman Case.

[5]    To date, creditors have filed proofs of claim in the aggregate amount of $14,176,011.99 in the Gorman Case, and in the aggregate amount of $9,971,984.67 in the Griffin Case.

3

Fogarty seeks numerous forms of relief including dismissal of the Gorman and Griffin Cases, denial of their bankruptcy discharge, appointment of an examiner, a freeze of assets, and referral to the Department of Justice.  (*Id.* at 5-6.)

The Court held a case conference in the Gorman and Griffin Cases on October 24, 2025, and Jimenez-Fogarty as well as counsel for Gorman and Griffin were present at the conference.  The Court inquired as to Jimenez-Fogarty's standing to participate in the Gorman and Griffin Cases and permitted the parties to brief the issue.  Jimenez-Fogarty made her submission on November 11, 2025 ("JF Second Submission") (ECF Gorman Case Doc. # 33) and filed a supplemental submission on November 14, 2025 ("JF Third Submission") (ECF Gorman Case Doc. # 34).  Counsel for Gorman and Griffin filed his brief on November 11, 2025.  (ECF Gorman Case Doc. # 32.)

On November 17, 2025, the Court heard oral argument on the standing issue and took the matter under advisement.

## DISCUSSION

**A.    Standing in Bankruptcy**

Upon a showing of "cause," section 1112(b) of the Bankruptcy Code requires the Court to dismiss a Chapter 11 case, or convert such case to a case under Chapter 7, on request of a "party in interest."  Under section 1109(b) of the Bankruptcy Code, a "party in interest" includes "the debtor, the trustee, a creditors' committee, an equity security holders' committee, a creditor, an equity security holder, or any indenture trustee."  The list of parties set forth in section 1109(b) is "an illustrative but not exhaustive list of parties in interest."  *Truck Ins. Exch. v. Kaiser Gypsum Co.*, 602 U.S. 268, 277 (2024).  Quoting the *Collier* treatise, the Supreme Court recently described section 1109(b) as follows:

4

> The general theory behind [§ 1109(b)] is that anyone holding a direct financial stake in the outcome of the case should have an opportunity (either directly or through an appropriate representative) to participate in the adjudication of any issue that may ultimately shape the disposition of his or her interest.

*Truck Ins. Exch.*, 602 U.S. at 277-78 (quoting 7 COLLIER ON BANKRUPTCY ¶ 1109.01 (16th ed. 2023)) (alteration in original); *id.* at 277 (a party in interest is an entity that "may be directly and adversely affected by the reorganization plan"). A party in interest "may appear and be heard on any issue" in a Chapter 11 case. 11 U.S.C. § 1109(b).

**B.    Analysis**

Jimenez-Fogarty is not a "party in interest" in the Gorman and Griffin Cases. Jimenez-Fogarty relies on two arguments. First, she argues that she is a creditor of Gorman and Griffin. However, Jimenez-Fogarty fails to identify what claims she has against Gorman or Griffin personally. Instead, she appends indemnification agreements in favor of certain surety bond issuers. One is an August 15, 2017 agreement with an entity called Allied World National Assurance Company ("Allied World") in which Fogarty, Jimenez-Fogarty, Gorman, and an individual named Laura Gorman agreed to, among other things, indemnify Allied World to the extent Allied World incurred losses in connection with its issuance of bonds to Highbury Concrete.[6] The same four individuals are listed as indemnitors in an August 16, 2018 agreement in connection with bonds issued by an entity call Crum & Forster.[7] It is unclear whether any obligations are currently owed under these agreements. In any event, the

---

[6]    The agreement with Allied World is appended to the JF Second Submission and is unexecuted. Griffin is not listed as an indemnitor in the agreement.

[7]    The agreement with Crum & Forster is appended to the JF Third Submission and is unexecuted. Griffin is not listed as an indemnitor in the agreement.

5

indemnification obligations under the agreements, if any, would be owed by the indemnitors to the bond issuer. Therefore, at best, Jimenez-Fogarty and Gorman could conceivably be co-debtors with indemnification obligations owed to Allied World and/or Crum & Forster. The existence of a possible co-debtor relationship does not, in and of itself, create a debtor-creditor relationship between Gorman on the one hand, and Jimenez-Fogarty on the other.

Second, Jimenez-Fogarty asserts that she is a party in interest because she has an interest in Highbury Concrete. In support, she appends excerpts of her 2019 federal tax returns[8] that she filed jointly with Fogarty, which listed the couple's ownership interest in Highbury Concrete.[9] Presumably, issues pertaining to the division of marital assets, including ownership interests in Highbury Concrete, will be resolved in the sealed Divorce Proceeding. Further, once Jimenez-Fogarty filed her Chapter 7 bankruptcy petition on April 17, 2025, her interest in property, including any interest she had in Highbury Concrete, became property of her bankruptcy estate. 11 U.S.C. § 541(a). "Under chapter 7 of the Bankruptcy Code, a trustee is appointed as representative of the estate and is vested with control over property of the estate, including causes of action that arose prepetition." *In re Residential Cap., LLC*, 523 B.R. 24, 38 (Bankr. S.D.N.Y. 2014) (citing 11 U.S.C. §§ 323(a), 704), *aff'd sub nom. Rozier v. Rescap Borrower Claims Tr.* (*In re Residential Cap., LLC*), 15 Civ. 3248 (KPF), 2016 WL 796860

---

[8]    The excerpts of the 2019 joint tax returns are appended to the JF Third Submission.

[9]    Jimenez-Fogarty asserts that her interest in Highbury Concrete qualifies her as an "equity security holder" within the meaning of 11 U.S.C. § 1109(b). (JF Third Submission at 4.) Assuming that she has an equity interest in Highbury Concrete, such ownership would not qualify her as an "equity security holder" under section 1109(b). The term "equity security holder" in that section refers to holders of equity securities *of the debtor*, not a non-debtor such as Highbury Concrete.

(S.D.N.Y. Feb. 22, 2016); *see also id*. ("Courts hold that the chapter 7 trustee has the exclusive power to assert prepetition legal claims on behalf of the estate.") (citing supporting precedent). Therefore, absent abandonment by the trustee, the JF Trustee, rather than Jimenez-Fogarty herself, is the appropriate person to appear and participate in the Gorman or Griffin Cases to the extent Jimenez-Fogarty's interest in Highbury Concrete, if any, is directly affected by those cases.

## CONCLUSION AND ORDER

For the reasons stated, the requests of Jimenez-Fogarty as set forth in her submissions are DENIED for want of standing. The denial is without prejudice to the JF Trustee appearing in the Gorman and/or Griffin Cases to the extent Jimenez-Fogarty's bankruptcy estate could be directly and adversely affected by proceedings in those cases.[10]

Dated:   December 15, 2025
         Poughkeepsie, New York

/s/ *Kyu Y. Paek*
Honorable Kyu Y. Paek
United States Bankruptcy Judge

---

[10] Arguments made by the parties but not specifically addressed herein have been considered by the Court and rejected or rendered moot by the Court's ruling.

7